Martin G. Molina, Calif. Bar No. 176934
Law Office of Martin G. Molina
185 West "F" Street, Suite 100
San Diego, California 92101
Telephone: (619) 232-0620
Facsimile: (619) 234-5322
mmolinaesq@outlook.com
Attorney for Defendant
Ricardo Orizaba-Zendejas (5)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Dana M. Sabraw, Chief Judge)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23 CR 1684-DMS |
| Plaintiff, | **Memorandum of Points and Authorities in Support of Motions to Dismiss on Improper Venue Grounds, and Motion to Remedy Duplicitous Counts** |
| vs. | |
| RICARDO ORIZABA-ZENDEJAS (5), | |
| Defendant. | |

## I.

## Statement of Relevant Facts

Mr. Orizaba is presently charged in a superseding indictment with a number of crimes allegedly tied to a drug trafficking organization, specifically,

- Count Two: Conspiracy to distribute methamphetamine, fentanyl, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846.
- Count Ten: August 28 and September 2, 2022 – Charging Mr. Orizaba and codefendant Benjamin Madrigal ("Madrigal") - Knowingly and intentionally using the threat of physical force to (a) prevent the testimony of *John Doe* in connection with federal criminal proceedings

> in the present case and other cases in our district and to (b) prevent his communication with federal agents from Homeland Security Investigations, in violation of 18 U.S.C. §§ 1512(a)(2)(A), (C), (3)(A), and 1111.
>
> - This charge stems from the allegation that on August 28, 2022, after the murder of Cesar Murillo ("Murillo") at a ranch in Yakima, Washington ("the Yakima ranch"), "Mr. Orizaba stood next to Madrigal brandishing a rifle while Madrigal ordered silence about what they had seen and threatened retribution against anyone who spoke of Murillo's murder."[1]

- Count Eleven: August 28, 2022 – Charging Mr. Orizaba - Accessory after the fact to the killing of Murillo, as charged in Count Eight against Madrigal, in violation of 18 U.S.C. §§ 3, 1512(a)(1)(A).

    - This charge stems from the allegation that on August 28, 2022, Mr. Orizaba participated in the burial of the remains of Murillo at the Yakima ranch, after his murder.

- Count Thirteen: August 8, 2022 – Charging Mr. Orizaba and Madrigal with using, carrying, and brandishing a firearm – *during* and *in relation* to (a) a crime of violence, as charged in Count Ten [threatening of John Doe], and to (b) a drug trafficking crime, as charged in Counts One [the drug conspiracy], Two, and Three, in violation of 18 U.S.C. § 924 (c) (1) (A) (iii)).[2]

- Count Fifteen: February 8, 2023 - Possession of a firearm – *in furtherance of a drug trafficking crime* as charged in Count Two [the drug conspiracy], in violation of 18 U.S.C. § 924 (c) (1) (A) (i).

---

[1] See Government's response to Mr. Orizaba's motion for bill of particulars, ECF 90, page 19, lines 8-12.

[2] Mr. Orizaba is not charged in Counts One and Three. Count One charges Madrigal with engaging in a continuing criminal enterprise in violation of 21 U.S.C. §§ 848(a) and (b)(2). Count Three charges Madrigal and others with conspiracy to import various drugs, in violation of 21 U.S.C. §§ 952, 960, and 963. Thus, as to Count Thirteen, only the reference to Count Two is relevant to Mr. Orizaba.

- And, Count Sixteen: February 8, 2023 - Possession of a firearm, with a silencer – *in furtherance of a drug trafficking crime*, as charged in Count Two [the drug conspiracy] in violation of 18 U.S.C. § 924 (c) (1) (B) (ii).
  - Counts Fifteen and Sixteen stem from the February 8, 2023, execution of a federal search warrant at the residence of Mr. Orizaba, located at 321 Yakima Street, Wapato, Washington.

## II.

## **Summary of the Arguments**

The present motion challenges venue on one of the subsections of § 1512 alleged in Count Ten, the threatening of John Doe to prevent him from communicating with federal law enforcement agents, on the grounds that the essential element of the charge - the threatening conduct - took place in the Eastern District of Washington and thus venue lies there and not here. It also challenges the legality of venue in this district as to Count Eleven (accessory after the fact to Murillo's murder), because the essential elements of the offense involve conduct that took place exclusively in the Eastern District of Washington. Lastly, it argues that Count Thirteen's charge of using a firearm during and in relation to a predicate crime of violence, identified as Count Ten, should also be dismissed because venue for Count Ten is proper only in the Eastern District of Washington.

This motion also addresses the duplicitous nature of Count Ten and Count Thirteen. Count Ten charges two subsections of §1512, specifically, threatening John Doe with the intent to prevent his testimony and with the intent to prevent him from communicating with a federal agent. These are two different crimes as they carry different mens rea, making this count duplicitous. Count Thirteen charges the use of a firearm during and in

relation to a crime of violence, and during and in relation to a drug trafficking crime, both predicates being identified by reference to other counts. These predicates are separate and distinct offenses also making Count Thirteen duplicitous. To correct these pleading maladies, the Court should direct the government to proceed only on one of the offenses of each Count.

### III.

### <u>Venue Argument</u>

A defendant in a criminal trial has a constitutional right to be tried in the district in which the crime was committed. Proper venue is guaranteed twice by the Constitution. First, Paragraph 3 of Article III, Section 2 provides that "[t]he Trial of all Crimes … shall be by Jury; and such trial shall be held *in the State where the said Crimes shall have been committed…*" U.S. Const. art. III, § 2, c. 3. (emphasis added). Second, the Sixth Amendment to the Constitution guarantees the accused in a criminal prosecution the right to a speedy and public trial "by an impartial jury *of the State and district wherein the crime shall have been committed . . . .*" U.S. Const. amend. VI. (emphasis added). In addition, Federal Rules of Criminal Procedure 18 provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense *in a district where the offense was committed.*"(emphasis added).

"If a defect in venue is clear on the face of the indictment, a defendant's objection must be raised before the government has completed its case." *United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1060 & n.1 (9th Cir. 2000) (noting that, where the indictment does not show proper venue, the court should transfer the case if the defendant so requests or else dismiss the

indictment).³ In deciding a pretrial motion to dismiss for improper venue, the Court must take as true allegations of the indictment. *See United States v. Lozoya*, 920 F.3d 1231, 1238 (9th Cir. 2019).

"Congress may fix jurisdiction in any district where a 'crucial element' of the crime is performed." *United States v. Pendleton*, 658 F.3d 299, 303 (3d Cir. 2011). When Congress has not specifically defined where a crime should be deemed to have occurred, the "'locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Cabrales*, 524 U.S. 1, 5 (1998) (quoting *United States v. Anderson*, 328 U.S. 699, 703, (1946)).

In performing the venue inquiry, a court "'must [1] initially identify the conduct constituting the offense . . . and then [2] discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). In conducting this inquiry, a court "must be careful to separate 'essential conduct elements' from 'circumstance elements,'" *Id.* at 280 & n.4 because "[o]nly 'essential conduct elements' can provide the basis for venue; 'circumstance elements' cannot." *Id. See also United States v. Fortenberry*, 89 F.4th 702, 705-06 (9th Cir. 2023)

With these venue principles in mind, Mr. Orizaba submits the following analysis and arguments.

///

///

///

---

³ If no venue defect is apparent on the face of the indictment, the earliest a defendant can raise the issue is in a Rule 29 motion for a judgment of acquittal at the close of the government's case-in-chief. A venue objection made then would therefore be timely. *United States v. Ghanem*, 993 F.3d 1113, 1120 (9th Cir. 2021)(citing *Ruelas-Arreguin, supra.*)

**A.     As to Count Ten's Charge of Violating § 1512(a)(2)(C) (Threat of physical force against person to prevent communication with federal law enforcement), Venue is Proper Only in the Eastern District of Washington.**

Count Ten charges Mr. Orizaba with threatening physical force against John Doe to (1) prevent him from testifying in a judicial proceeding in our district (citing 18 U.S.C. § 1512(a)(2)(A)) and to (2) prevent him from communicating with federal law enforcement personnel about the commission of a federal crime (citing § 1512(a)(2)(C)). As described above, the government bases these charges on Mr. Orizaba "brandishing a rifle while Madrigal ordered silence about what they had seen and threatened retribution against anyone who spoke of Murillo's murder."

At the outset, Mr. Orizaba concedes that venue is proper for the § 1512(a)(2)(A) charge, pursuant to the first clause of § 1512(i). This subsection provides that "a prosecution under this section [ § 1512 ] ... may be brought [1] in the district in which *the official proceeding* (whether or not pending or about to be instituted) was intended to be affected **or** [2] in the district in which the conduct constituting the alleged offense occurred." Count Ten identifies the official proceedings by case numbers, all taking place in our district.  Taking this allegation as true, Mr. Orizaba acknowledges that at this pretrial junction, venue in our district is proper as to § 1512(a)(2)(A).   But not so as to § 1512(a)(2)(C), the other section charged in Count Ten.

§ 1512(a)(2)(C) provides that "[whoever uses physical force or the threat of physical force against any person … with intent to …(C) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible

commission of a Federal offense ... shall be punished as provided in paragraph (3)." As a starting point, the "official proceeding" venue clause of § 1512(i) does not include communications with law enforcement agents. *See United States v. Ermoian*, 752 F.3d 1165, 1171 & n.5 (9th Cir. 2013)(holding that " a criminal investigation is not an 'official proceeding' under the obstruction of justice statute.") Accordingly, the first clause of § 1512(i) does not confer venue in our district for the § 1512(a)(2)(C) charge of Count Ten. The controlling language is thus the second clause of § 1512(i) which confers venue "in the district in which the conduct constituting the alleged offense occurred."

The charged conduct constituting the offense consists of Mr. Orizaba holding a rifle while Madrigal ordered John Doe to be quiet about Murillo's murder and threatened retribution against anyone who spoke of it. This is conduct that took place entirely at the Yakima ranch, not in our district.

The Ninth Circuit's recent decision in *United States v. Fortenberry*, 89 F.4th 702 (9th Cir. 2023) is dispositive by analogy. There, the defendant was charged in the Central District of California with making false statements in violation of 18 U.S.C. § 1001, specifically during interviews with federal agents that took place in Nebraska and Washington, D.C. *Id.* at 704. He unsuccessfully moved to dismiss the charge on improper venue grounds, arguing that venue was not proper in California. The Ninth Circuit reversed. The Court delineated the elements of § 1001 as requiring the government to prove that the defendant: 1) made a statement, 2) that was false, and 3) material, 4) with specific intent, 5) in a matter within the agency's jurisdiction. *Id.* at 705.

Guided by the principles of *Rodriguez-Moreno, supra,* the Court noted that "[t]he question of venue in this case is answered by determining which

of these statutory elements is the essential conduct of a Section 1001 offense, and which is a 'circumstance element' that is necessary for a conviction but not a factor in deciding the location of the offense for venue purposes." *Id.* at 705. With these parameters in mind, the Court concluded that "[t]he text of the statute plainly identifies the essential conduct of a Section 1001 offense to be the making of a false statement." *Id.* at 706. It further reasoned that "[i]t is the act of uttering a false statement that is the criminal behavior essential to liability under Section 1001." *Id.*

In so holding, the Court disagreed with the district court's finding that materiality was an essential element, and that thus venue was also proper in the location where the agency felt the impact of the false statement. The Court noted that for a conviction to stand, materiality is an element of the charge that had to be proven. But distinguished the issue of proof from that of venue, holding that "the inquiry that determines venue is different. *It turns on the action by the defendant* that is essential to the offense, *and where that specific action took place*." *Id.* at 707 (emphasis added). It further reasoned that "[m]ateriality is not conduct because it does not require anything to actually happen … [it] requires only that a statement have the capacity to influence a federal agency." *Id.* at 707 (9th Cir. 2023).

*Fortenberry* compels a finding that for venue purposes the essential element of the § 1512(a)(2)(C) charge of Count Ten is the place where the defendant is alleged to have made the threats. Borrowing language from the Court, *Id.* at 706, "[i]t is the act of [making a threat] that is the criminal behavior essential to liability…" The site of the federal investigation, in this case being the Southern District of California, is a circumstance. This is evident in the statute itself which states in relevant part, "[i]n a prosecution for an offense under this section, no state of mind need be proved with

respect to the circumstance … that the law enforcement officer is an officer or employee of the Federal Government." § 1512(g)(2). Whether the federal investigation took place in our district, or anywhere else is of no consequence in the venue analysis.

Pursuant to § 1512(i), venue is in "the district in which the conduct constituting the alleged [§ 1512(a)(2)(C)] offense occurred", which as just discussed is the Eastern District of Washington. Accordingly, the Court should dismiss the charge of § 1512(a)(2)(C) contained in Count Ten on improper venue grounds.

**B.    As to Count Eleven (Accessory after the fact, 18 U.S.C. § 3), Venue is Proper Only in the Eastern District of Washington.**

Count Eleven charges Mr. Orizaba with accessory after the fact to the murder of Murillo by Madrigal. The charge includes reference to Count Eight's allegation that Madrigal murdered Murillo to prevent his appearance at an official proceeding in our district and to prevent him from communicating with federal law enforcement agents.[4] He is charged with conduct directed at hindering and preventing Madrigal's apprehension, trial, and punishment for the murder of Murillo. According to the government, Mr. Orizaba assisted Madrigal in the disposal of Murillo's remains and held a rifle while Madrigal threatened John Doe with consequences for revealing Murillo's murder. Assuming the truthfulness of these allegations, as the Court should, the crime charged in Count Eleven consists of conduct that took place entirely in the Eastern District of Washington.

---

[4] Mr. Orizaba is not charged as an aider in the underlying murder.

9

23cr1684-DMS

The decision of the Supreme Court in *United States v. Cabrales*, 524 U.S. 1 (1998) provides a dispositive analysis.[5] There, the defendant was charged in the Western District of Missouri with conspiracy to avoid a transaction-reporting requirement, in violation of 18 U.S.C. § 371, 1956(a)(1)(B)(ii) (Count I); conducting a financial transaction to avoid a transaction-reporting requirement, in violation of § 1956(a)(1)(B)(ii) (Count II); and engaging in a monetary transaction in criminally derived property of a value greater than $10,000, in violation of § 1957 (Count III). The defendant moved to dismiss the counts arguing that venue was only proper in Florida, the state where the laundering of the money took place. The district court granted the motion as to Counts II and III and the Court of Appeals affirmed. Cab*rales, supra*, at 4.

The issue before the Supreme Court was whether in a money laundering charge venue was proper in Missouri, the source of the drug proceeds, or rather, only in Florida, where the prohibited laundering transactions occurred – "We therefore confront and decide this question: Do those counts charge crimes begun in Missouri and completed in Florida, rendering venue proper in Missouri, or do they delineate crimes that took place wholly within Florida?" *Id*. at 7.

The government argued that the crimes of money laundering were continuing crimes that began in Missouri with drug trafficking activities that generated the funds and concluded in Florida with the depositing of that money in a financial institution. The Supreme Court disagreed, noting that "the crimes described in Counts II and III are defined in statutory proscriptions, […] , that interdict only the financial transactions (acts located

---

[5] *Cabrales* was issued on the term preceding *Rodriguez-Moreno*. Notably, *Rodriguez-Moreno* cited *Cabrales* with approval. *Rodriguez-Moreno, supra*, 526 U.S. at 284, n.4.

entirely in Florida), not the anterior criminal conduct that yielded the funds allegedly laundered." *Id.* (statutes omitted)

Of relevance here is that in its analysis, the Supreme Court likened the money laundering statutes to the federal accessory after the fact statute, 18 U.S.C. § 3, the statute at issue here in Count Eleven, reasoning that the prohibited conduct is the laundering of moneys generated by a prior criminal conduct. Quoting from § 3, the Court analogized--

> Cabrales is charged in the money-laundering counts with criminal activity "after the fact" of an offense begun and completed by others. Cf. § 3 ("Whoever, knowing that an offense against the United States has been committed, . . . assists the offender in order to hinder or prevent his . . . punishment, is an accessory after the fact," punishable not as a principal, but by a term of imprisonment or fine generally "not more than one-half the maximum . . . prescribed for the punishment of the principal[.]").

*Cabrales, supra,* at 7. The Court rejected the government's argument that the Missouri drug trafficking "is an essential element of the [depositing in Florida banks] and that the [depositing of the moneys] facilitated the [drug trafficking] or made it profitable by impeding its detection." *Id.* at 7-8 (citation to government's brief omitted.) In so doing, the Court noted, and the government conceded, that though the actor had to know of the illegal source, "it is immaterial whether that actor knew where the first crime was committed." *Id.* at 8. With this, the Court concluded that in the venue analysis, the location of the sourcing crime is "of no moment" (*Id.* quoting from the underlying court of appeals decision) and held that "Missouri is not a place of proper venue for the money-laundering offenses with which Cabrales is charged." *Id.* at 10.

*Cabrales* compels the finding that venue for Count Eleven is proper only in the Eastern District of Washington. The statute charged by Count Eleven, 18 U.S.C. § 3, is the analogy that drove the Supreme Court in *Cabrales* to hold that the proper venue for money laundering is where the financial crimes took place, not where the prior drug trafficking crimes that generated the dirty money took place. The essential elements of accessory after the fact are the assisting of an offender in order to prevent his apprehension and prosecution for a crime previously committed. *Cabrales, supra,* at 7. The acts alleged by the government are that Mr. Orizaba assisted Madrigal by burying the remains of Murillo at the Yakima ranch and threatening another who was present at the scene - conduct that took place in the Eastern District of Washington, not in our district. Accordingly, venue is not proper in our district for Count Eleven and the Court should thus dismiss this count.

## C. As to Count Thirteen's Charge of Violating 18 U.S.C. § 924(c)(1)(A)(i) (Using and carrying a firearm during and in relation to a crime of violence), Venue is Proper Oeastern nly in the Eastern District of Washington

Count Thirteen charges Mr. Orizaba with using and carrying a firearm during and in relation to a crime of violence (as charged in Count Ten) and during and in relation to a drug trafficking crime (as charged in Count Two). The predicate "crime of violence" of this charge is Count Ten's threatening of John Doe to prevent him from communicating with federal agents. As discussed above, venue for Count Ten is proper only in the Eastern District of Washington. Accordingly, venue in the charge of using and carrying and

firearm during and in relation to the charged crime of violence is not proper here.

## IV.

## **Duplicity Argument**

Charging two offenses in one count of an indictment is contrary to Rule 8(a) of the Federal Rules of Criminal Procedure, which requires that an indictment contain "a separate count for each offense." An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count." *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013). *See United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976) ("Duplicity is the joining in a single count of two or more distinct and separate offenses."). In reviewing an indictment for duplicity, the correct inquiry is not whether the evidence introduced at trial supports charging several crimes, but whether the "indictment itself can be read to charge only one violation in each count." *United States v. Martin*, 4 F.3d 757, 759 (9th Cir.1993).

The vices of duplicity arise from breaches of the defendant's Sixth Amendment right to knowledge of the charges against him since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count. *United States v. Aguilar*, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985). A duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against double jeopardy, because of a lack of clarity concerning the offense for which he is charged or convicted. *Id.*

///
///
///

### A.     <u>Count Ten is Duplicitous</u>

Count Ten charges two different offenses, 18 U.S.C. § 1512(a)(2)(A) and § 1512(a)(2)(C). Relevant to this count, Section 1512(a)(2) criminalizes witness tampering by "[w]hoever uses physical force . . . against any person, or attempts to do so, with intent to" (A) "influence, delay, or prevent the testimony of any person in an official proceeding," id. § 1512(a)(2)(A); or (C) "hinder, delay, or prevent the communication to a law enforcement officer or judge" of information relating to the commission of a federal offense, id. § 1512(a)(2)(C). These two offenses require two different specific intents, an intent to prevent testimony in an official proceeding and an intent to prevent communication with a federal agent. *See United States v. Lamott,* 831 F.3d 1153, 1156 (9th Cir. 2016)(holding that a specific intent crime requires that "the defendant subjectively intended or desired the proscribed act or result.")

In *United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001), the Ninth Circuit held that counts of an indictment alleging both actual transportation and attempt to transport an undocumented alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) were duplicitous because each contained a different mens rea and so were separate offenses. *Id.* at 913. Thus, it held that given the different mens rea for each crime, the government's inclusion of both crimes in a single count violated the principle of duplicity. Likewise, the difference in mental culpability of § 1512(a)(2)(A) and § 1512(a)(2)(C) makes Count Ten duplicitous. Thus, this Court should remedy this defect by directing the government to elect.

///

///

///

B. **Count Thirteen is Duplicitous**

Count Thirteen charges Mr. Orizaba with two offenses, specifically, "us[ing], carry[ing], and brandish[ing] a firearm" during and in relation to (1) a crime of violence and (2) a drug trafficking crime, pursuant to § 924(c)(1)(A). The predicate acts for each of these two offenses are different. It alleges the threats against John Doe of Count Ten as the predicate crime of violence, and the drug conspiracy of Count Two as the predicate drug trafficking crime. When it comes to proving this charge, the Model Instructions require a unanimous finding as to the predicate offense. Particularly, *Ninth Circuit Model Criminal Jury Instruction 14.22*, the one applicable for § 924(c)(1)(A) provides in relevant part--

> For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
> 
> - First, the defendant committed the crime of [*specify crime*] as charged in [Count ____ of] the indictment, which I instruct you is a [crime of violence] [drug trafficking crime]; and
> - Second, the defendant knowingly [used] [carried] [brandished] the [*specify firearm*] during and in relation to that crime.

This instruction requires the jury to convict only if it finds that the government proved beyond a reasonable doubt that the defendant committed the predicate crime of violence (if charged as such) or the predicate drug trafficking crime (if charged as such). *See United States v. Thongsy*, 577 F.3d 1036, 1043 n.5 (9th Cir. 2009)("there are two ways to prove an offense under § 924(c): the defendant *either* (1) used or carried a firearm "during and in

relation to" a crime or (2) possessed a firearm "in furtherance of" a crime.")(emphasis added.)  Thus, everything in the plain language of the statute and the jury instructions suggest that a § 924(c) conviction must rest on a single type of predicate crime, rather than both a crime of violence and a drug trafficking offense. *See also In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016) ("The statute therefore establishes either 'crimes of violence' or a 'drug trafficking crime' as possible and alternative predicate offenses.").

In *Gomez*, the habeas petitioner had been charged with § 924(c) "in relation to a crime of violence and a drug trafficking crime" on the basis of two counts alleging Hobbs Act robbery (purported predicate crime of violence) and two counts of drug conspiracy (purported predicate drug trafficking crime). *Id.* at 1226–27. Subsequent to *Johnson v. United States*, 576 U.S. 591 (2015), he sought habeas relief challenging the crime of violence predicate basis of his § 924(c) conviction.  The Eleventh Circuit, after noting that he had been charged with both types of predicates in one count, reasoned that the crime of violence predicate and the drug trafficking predicate "are separate and distinct offenses. It follows, then, that a § 924(c) crime based on any one of these separate companion convictions would likewise be a separate offense." *Id.* at 1227.  The Court then noted the dangers of duplicity charging:

> (1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence."

*Id.* With these dangers in mind, it held that the count was duplicitous—
> Gomez's indictment, which lists "a crime of violence
> and a drug trafficking crime" as

16

23cr1684-DMS

> the companion convictions for his § 924(c) offense, suffers from this infirmity. And his case demonstrates the "dangers" that may lurk in indictments that list multiple potential predicate offenses in a single § 924(c) count.

*Id.* This well-reasoned decision controls here.

Count Thirteen suffers from the exact same duplicity charging defect as the count in *Gomez*, giving rise to the dangers that a non-unanimous jury may convict Mr. Orizaba under this Count. The Ninth Circuit has explained that a duplicitous indictment can be remedied if "either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed." *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001). Mr. Orizaba requests the Court to direct the government to elect between proceeding on the predicate crime of violence or the predicate drug trafficking crime.

## V.

## Conclusion

Count Ten's allegations and the essential elements of the charge of threatening John Doe involve the conduct of Mr. Orizaba in the Eastern District of Washington on August 28, 2022. Same with Count Eleven's charge that on that same date he assisted Madrigal in preventing detection of the murder of Murillo by burying his remains in a ranch in Yakima. And also, with one of Count Thirteen's charges that on that date he used a firearm to threaten John Doe in Yakima. The conduct of each of these charged crimes took place in Yakima (Eastern District of Washington), not in the Southern District of California. Accordingly, their prosecution in this district is violative of Article III, Section 2 of the United States Constitution,

the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure.  Accordingly, the Court should dismiss these counts and allegations on improper venue grounds.

    As an alternative and in regard to Counts Ten and Thirteen, both counts are duplicitous because each count charges two different offenses. This Court should thus direct the government to choose one charge for each of these counts.

Dated:  October 31, 2024        Respectfully submitted,
                                       Law Office of Martin G. Molina


                                       By: /s/ Martin G. Molina
                                       Martin G. Molina
                                       mmolinaesq@outlook.com
                                       CJA Counsel for Mr. Orizaba